Petition Under Article I, §9,
Cl.2, United States Constitution and 28 U.S.C.
§2254 For Writ of Habeas Corpus By A Person
In State Custody

United States District Court - Middle District - Jacksonville, FL

Joseph Luis Levin         Docket or Case No.:
Confined at               3:20-cv-1442-J-32 MCR
New River Correctional Institution
P.O. Box 900, Raiford, FL 32083
Prisoner No.: J01866

Joseph Luis Levin         v. Florida Dep't of Corr., Sec.,
Petitioner and Divine Messenger    Mark S. Inch, State of
                         Florida, Respondent(s)

The Attorney General of the State of Florida, Ashley Moody

∝ - Petition - ω
— EMERGENCY —

† 1. (a) Name and location of court that entered the judgment of conviction
you are challenging:

The Fourth Judicial Circuit Court in and for Nassau
County, Florida, 76347 Veterans Way, Yulee, FL
32097

(b) Case No.: 2013CF0958

⤳ 2. (a) Date of judgment of conviction: July 9, 2015
(b) Date of Sentencing: July 9, 2015

(1)

3. Length of sentence: 44 years in Florida Dep't of Corr., followed by* 10 years probation.

4. In this case petitioner was convicted on more than one count for more than one crime. Yes

5. Crimes convicted and sentenced are as follows:

Count One - Lewd and Lascivious Battery, s. 800.04(4)(a), Fla. Stat. (2013), Adj. Guilty, 6 yrs prison;

Count Two - Identical as Count One same Adjudication, 6 yrs. prison consecutive Count one;

Count Three - Identical as Counts above - 6 yrs consecutive to Count Two;

Count Four - Identical as above - 6 yrs consecutive to Count Three;

Count Five - Identical as above - 6 yrs consecutive to Count Four;

Count Six - Identical as above - 6 yrs consecutive to Count five;

Count Seven - Solicitation Via Computer, s. 847.0135(3)(a), Fla. Stat. (2013), Adj. Guilty, 4 years prison; consecutive to Count Six;

Count Eight - Travel To meet After Solicitation, s. 847.0135(4)(a), Fla. Stat. (2013), Adj. Guilty; 4 years prison, Consecutive To Count Seven.

* Probation - From Oral pronouncement notsure what Count has probation General Probation Sentence   (2)

Y  6. (a) What was your plea?

Petitioner pled open to court - Guilty; (2)
not a plea bargain, pled to court

(b) Same as 6.(a) on all counts

(c) Trial by Judge only

I  7. Did you testify at pretrial hearing, trial, or post-trial hearing?
Yes

8. Yes, Appealed from judgment of conviction

⊗ ⊛ 9. Direct Appeal

(a) District Court of Appeal - First District - State of Florida
(b) Case No.: 1D16-0484
(c) Result: Per Curiam Affirmed - No opinion
(d) Date of Result: July 26, 2016 - PCA issued; Mandate - Aug. 11, 2016
(e) Citation to case: Levin v. State, 195 So.3d 375 (Fla. 1st DCA 2016)
(f) Only one Ground raised:

The trial court erred in denying appellant's
motion to withdraw plea because his plea was
involuntary as he entered the plea under
mistake or misapprehension.

(g) Did not seek further review from a higher State Court.
No

⊛ Remainder of section 9, Not Applicable

(3)

10. Yes, Petitioner filed a multitude of other petitions, applications, and motions concerning this judgment of conviction in the state courts.

   First petition, application, motion:

11. (a)(1) Fourth Judicial Circuit, Nassau County, Florida

   (2) Case No.: 2013CF0958

   (3) Date of filing: Jan. 11, 2017

   (4) Motion To Correct illegal Sentence Postconviction 3.800(a)

   (5) Grounds Raised:

   (i) Counts One and Two violate prohibition against Double Jeopardy - Identical in all respects;

   (ii) Counts Three and Four violate prohibition against Double Jeopardy - Identical in all respects;

   (iii) Counts Five and Six violate prohibition against Double Jeopardy - Identical in all respects Citing Manetta v. State, 81 So. 3d 560 (Fla. 3d DCA 2012)

   (6) No, Did not receive any hearing on this motion

   (7) Result: Summary Denial - no opinion

   (8) Date of Result: Jan. 11, 2017 - denied same day it was docketed

   (b) Second petition, application, motion:

   (1) Fourth Judicial Circuit, Nassau County, Florida

   (2) Case No.: 2013CF0958

   (3) Dates of filings: Began filing on May 10, 2017, docketed on June 12, 2017, with multiple Supplements, Amendments and Addendums - Affidavits thru October 5, 2017 - docketed October 13, 2017.

   (4) Motion To Vacate, And Set Aside Based on a Claim under Rule 3.850, FLORIDA RULES OF CRIMINAL Procedure

(4)

(5) Grounds Raised upon final filings, Addendums, Amendments:

(i) ISSUE ONE:
Whether defense counsel was ineffective for advising
Defendant that his only option was to plead guilty,
that was based from the defense counsel's misinformation
on state's DNA evidence from FDLE DNA expert and
Lab results, that if properly advised and informed,
punctuating that Defendant's DNA was not only
excluded from the exact two samples where the
offenses were alleged to have occurred, but that
there was not a single DNA match in any of the
samples for the Defendant's DNA, corroborating
Defendant's assertion of innocence, resulting in a
deprivation of Defendant's right to trial. (docketed 6/12/17)

(ii) Issue Two: (Amendment to Addendum - docketed 7/14/2017)
Whether defense counsel Christofer Anne Clayton
was ineffective for first not having defendant
evaluated for competency prior to entry of guilty
plea to court and second for concealing, withholding
and failing to present to the court the findings of
forensic psychologists at any material stage of
Defendant's court proceedings that showed Defendant
was suffering from mental illness.

(iii) Issue Three: (Second Addendum - docketed 10/11/2017)
Whether trial counsel was ineffective for not moving
the court to conduct a competency hearing before
proceeding to sentencing where the court and trial
counsel had reasonable grounds to question the
Defendant's competency upon defense counsel's request for
six weeks to have Defendant evaluated at the conclusion of plea hearing.

(iv) Issue Four: (Third Addendum - Docketed on 10/11/2017)
    Whether Counts 7 and 8 violate Double Jeopardy
    Citing Florida Statutes s. 847, 0135(4)(a) and (3)(a);
    Citing State v. Shelley, 176 So.3d 914 (Fla. 2014);
    U.S. Double Jeopardy Clause. U.S. Const. amend 5,14

    (6) No, Did not receive a hearing on any evidence or
    any hearing of any Kind on these issues

    (7) Result: Summary Denied
    (8) Date Result filed: November 1, 2017

(c) Third petition, application, motion:
    (1) Fourth Judicial Circuit, Nassau County, Florida
    (2) Case No.: 2013CF0958
    (3) Dates of filings: Beginning of filings docketed on Jan 17, 2018
                with multiple Amendments and Supplements
                filed and docketed on Feb. 5, 2018, Aug. 29,
                2019 and Sep. 9, 2019. (filed in parallel
                with appeal of First 3.850 denial order
    (4) Postconviction 3.850 motion on Newly Discovered
        Evidence
    (5) Grounds Raised: (i) Newly Discovered Evidence of
                  Petitioner being excluded from DNA
                  Evidence with absolutely no matches
                  on any sample for Petitioner.
             (ii) Newly Discovered Evidence from FDLE
                  Biology Supervisor on DNA Analysis
             (iii) Newly Discovered Evidence that
                  Petitioner was suffering mental illness
                  and was incompetent prior to
                  Conviction and sentence.

(6)

(6) No, Petitioner did not receive any hearing whatsoever on this motion

(7) Result: Illegally denied while first 3.850 motion was on appeal in Appellate case No. 1D19-3578 Fourth Judicial Circuit Stated Petitioner never appealed Aug. 5, 2019 denial order of first 3.850 that was actually validated by First DCA as on appeal docket 1D19-3578 date 11/15/2019, Lower court Stated Petitioner was reframing IAC claims as Newly Discovered Evidence. (See Appendix A.19-25)(also A.133-37)

(8) Date of Result: October 11, 2019 - Rendered with Clerk (void)

(d) Fourth petition, application, motion:
(1) District Court of Appeal - First District - State of Florida
(2) Case No.: 1D19-3578
(3) Date of Filing: January 2, 2020 filed, docketed January 6, 2020
(4) Motion under Florida Rules of Appellate Procedure 9.300 Motion To Correct Manifest Injustice, Clear, Plain, and Fundamental Errors - Part I and II
(5) Grounds Raised:
(i) Part I - Issue One:
The First Six counts of 800.04(4)(a) and the multiple double jeopardy violations on their face - Multiple punishments for same offenses
(ii) Part I - Issue Two:
The Last Two Counts of 847.0135(3)(a) and 847.0135(4)(a) and the violation of double jeopardy on its face of charging document (Count 7 subsumed in Count 8)(multiple punishments for same offense)

(7)

(iii) Part II - Issues :

Issue One : Trial court deprived petitioner his right to be heard on his desire to withdraw his plea of guilty prior to sentencing ;

Issue Two : Trial court deprived petitioner to effective assistance by (a) denying him hearing on his pro se motion to withdraw plea - presentence "good cause" standard, Fla. R. Crim. P. 3.170(f), and (b) denying him a Nelson hearing which even trial counsel advocated for in Court Chambers, that ultimately all motions were summarily denied by trial Court and said trial court ordered trial Counsel to proceed through critical stages from point of first presentence motion to withdraw plea up to and through his sentencing. U.S.C.A. 5, 6, 14 (Const. amend), Fla. R. Crim. P. 3.170(f)

(6) No, did not receive any hearing whatsoever on these issues of this motion.

(7) Result: A separate case was opened in the First District Court of Appeal - Case Number 1D20-0347 and Petitioner was Directed to file Amended Petition for Writ of Habeas corpus in New Case if he wanted all issues addressed. (See A.19-25)

(8) Date of Result: January 29, 2020

(8)

(e) Fifth petition, application, motion:
  (1) District Court of Appeal - First District State of Florida
  (2) Case No.: 1D20-0347
  (3) Date of filing: February 21, 2020;
  (4) Amended Petition For Writ of Habeas Corpus - Manifest Injustice
  (5) Grounds Raised:
    (i) Issue ONE: Same as above in Section II.(d)(5)(i)
    (ii) Issue Two: Same as above in Section II.(d)(5)(ii)
    (iii) Issues Three and Four: Same as above in Section
          II.(d)(5)(iii)
  (6) No, did not receive any hearing whatsoever on the issues
    in this case

  (7) Result: Despite the First District is the Court that
        turned the 9.300 motion into a habeas
        corpus case it Dismissed the Petition
        For Writ of Habeas Corpus - Original
        Jurisdiction citing with one line to
        Baker v. State, 878 So. 2d 1236 (Fla. 2004)
  (8) Date of Result: May 19, 2020; reh. Clarification denied
        on July 17, 2020

  (f) Sixth petition, application, motion:
  (1) Supreme Court State of Florida And Governor
  (2) Case No.: SC20-1327
  (3) Date of filing: August 28, 2020
  (4) Constitutional Petition for Writ of Habeas Corpus
    - Article I, §9, cl.2, U.S. Const; Article I, §13, Fla. Const.
    based on Illegal sentences, Illegal Detention - Violation
    of Double Jeopardy - Failure and Refusal for Florida
    Courts to Correct or Address merits - Manifest Injustice.

(5) Grounds Raised: (See SC20-1327 Petition filed p. 32-37;
      Petition Summary pgs. 32-37)

   (i) Issue One: Counts One and Two identical, same conduct
      multiple punishments for same charged identical
      offense - No distinction - Violation of double
      Jeopardy - illegally, convicted, sentenced and
      detained twice for same offense;

   (ii) Issue Two - Same as issue One only regarding Counts
      Three and Four;

   (iii) Issue Three: Same as issue One and Two only in re:
      Counts Five and Six Suffer same illegalities;

   (iv) Issue Four: The remaining counts of sets in issues
      Two and Three also violated double
      jeopardy illegally convicting, sentencing,
      and detaining Petitioner in multiple
      punishments for a variation of the
      same charged and proscribed conduct
      of oral activity.

   (v) Issue Five: Count (7) is subsumed in Count Eight and
      also violated double jeopardy punishing
      Petitioner multiple times for same charged
      and proscribed offense illegally convicting,
      sentencing and detaining him multiple
      times for same conduct.

   (vi) Issue Six: There was never any negotiated plea bargain with
      the state; Double jeopardy is apparent from
      the face of the indictment/information and
      Sentence/Judgment; and there is absolutely
      no specific or expressed waiver to the double
      jeopardy violations

   (vii) Issue Seven: Petitioner raised these claims in this
      Petition in excess of 13 times and all Gover-
      nment has been silent in the State of Florida.

(10)

(viii) Issue Eight: The Petition's illegalities and injustices were brought to (a) APD, (b) Conflict Counsel, (c) ASA, (d) AAG, (e) AG, (f) multiple judges in circuit court, (g) multiple panels of judges in DCA, and (h) Supreme Court of Florida along with (i) Governor for the State of Florida, all of which under the competent jurisdiction of U.S. Const., and for Seven Years all have failed or refused to address or correct the illegalities and injustices, and Petitioner anticipated even the Florida Supreme Court and Governor would continue the same conduct.

(ix) Issue Nine: Assistant State Attorney falsified multiple records including March 18, 2015 plea hearing record and prior history in CPC scoresheet, where she knew and signed into evidence, as well as cross-examined FDLE Analyst that Petitioner's DNA was excluded from, as well as, no sample had a match for Petitioner's DNA, contrary to what ASA knew - address the court with; Petitioner had no prior record to calculate in CPC Scoresheet, nor did he have any prior record to designate him as S.P. under s.775.21(4) Fla.Stat. (2013) See also pg. 17 of this case No. SC20-1327 petition

(11)

(6) No, did not receive any hearing whatsoever on any of the issues raised in this case

(7) Result: Despite the Constitutional illegal Detention Claims based on Double Jeopardy illegal convictions and sentences that can never be time or procedurally barred The Supreme Court denied petition to the extent that it challenged his Judgment and sentence as procedurally barred and to the extent that petitioner challenged the designation petition was dismissed without prejudice. No Rehearing will be Entertained.

(8) Date of Result: Wednesday, October 21, 2020

(9) Seventh petition, application, motion:
   (1) (i) Supreme Court State of Florida;
     (ii) United States District Court - Middle District Florida; Jacksonville Division
     (iii) United States Court of Appeals - Eleventh Circuit;
     (iv) United States Supreme Court.
   (2)(i) Case No.: SC 20-1662
     (ii) Case No.: 3:20-Cv-01246-MMH-PDB; 3:20-cv-01377-mmH-Jbr
     (iii) Transferred To District Court of United States
     (iv) TBD
   (3) Date of filings: October 29, 2020; To All four Courts
   (4) EMERGENCY Assistance: Action: Deprivation of Constitutional Rights by ALL Florida Courts with Competent jurisdiction - Liberty Interests at Stake - Enforce Rights, Duties and Release of Person being Illegally detained by FL DOC via Illegal Court convictions, Sentence, and Judgments. Art. I, § 9, cl. 2. U.S Consts.

(5) Grounds Raised: Same Issues that were raised in
                    Issue I and IV of Second petition;
Note: All raised        Same Issues as All Issues in First
pursuant to             petition; Same Issue as Issue I in
Haines v. Kerner,       Third petition; Same Issues as All
404 U.S. 519 (1972)     Issues in Fourth petition Part I;
(Liberally construed    Same Issues as Issue I and II in
pro se document)        Fifth petition; and Same Issues as All
                        Issues in the Sixth petition.


(6) No, did not receive any hearing thus far
    on the issues raised in these cases,


(7) Results:
    (i) FL.SC: Case SC20-1662 opened

    (ii) U.S.D.C.: Dismissed without prejudice to file 28 U.S.C.
                   §2254; Directed Clerk to attach form for 28
                   U.S.C. §2254 filing, Form rec'd Nov. 2020
    (iii) U.S.C.A.: Transferred to District Court
                    to be treated as 28 U.S.C. §2254
                    Petition for Writ of Habers Corpus
                    Application, Dec. 3, 2020


    (iv) U.S.S.C.:


(13)

(8) Date of Results:

(i) F.L.SC:

(ii) U.S.D.C.: November 3, 2020

(iii) U.S.C.A.: December 3, 2020

(iv) U.S.S.C.:

(h) Eighth petition, application, motion:

(1) District Court of Appeal - First District - State of Florida

(2) Case No.: 1D20 - 3394

(3) Date of Filing: November 19, 2020

(4) Petition For Writ of Habeas Corpus based on IAC - Appellate Counsel - (assisted by previous appellate counsel A. Victoria Wiggins - Double jeopardy wasn't raised as requested on appeal

(5) Grounds Raised:

Issue One:

Despite appellant's discussion about raising Double jeopardy appellate counsel erroneously advised appellant that he could not raise double jeopardy in appeal so appellant's counsel did not argue on appeal. Appellate Counsel conceeded to mistake and assisted petitioner in filing Habeas Corpus on the double jeopardy grounds. Ineffective assistance of appellate counsel for failing to raise double jeopardy on appeal.

(6)...

(7) Result: ...

(14)

(8) Date of Result: ...

(i) Did you appeal to the highest state court having
jurisdiction over the action taken on your petition,
application, or motion?

(1) First petition: Yes, it was Per Curiam Affirmed, with no
opinion, 1D17-0350 on 5/3/2017
Levin v. State, 226 So.3d 819 (Fla. 1st DCA 2017)

(2) Second petition: Yes, All Issues Affirmed except part of
Issue II, Reversed and Remanded for Trial
Court to attach records or hold evidentiary
hearing on only part of Issue II; 4/22/2019
Levin v. State, 268 So.3d 939 (Fla. 1st DCA 2019);
Case No.: 1D17-5129; Denied again after Back on
Remand on 8/5/2019, Appeal Per Curiam
Affirmed on 9/17/2020, reh.-Clarification
denied on 10/20/2020-Case No.: 1D19-3578
(Per Curiam Affirmed on 9/17/2020)

(3) Third petition: No, Could not appeal because judgment of
lower court was entered without jurisdiction
to do so. However, petitioner did file timely
request for certiorari review under appellate
case number that was on appeal 1D19-3578
to First District Court of Appeal to review the
order illegally entered without jurisdiction.
First District Court of appeal repeatedly
ignored this request and would only answer
the portion that the Notice of appeal was
valid. Certiorari requested on 10/24/2019, ignored.
Clarification filed on order on filed, Certiorari
ignored again See 1D19-3578 docket at 10/24/2019,
11/15/2019 and 12/13/2019. Continuously ignored Certiorari

(15)

(4) Fourth petition: No, because it was filed in the Appellate Court under case No.: 1D19-3578, and then converted into a Petition for Writ of Habeas Corpus where new case was created Case No.: 1D20-0347 - Original jurisdiction then after converted The appellate Court then Dismissed it. See Case No.: 1D20-0347

(5) Fifth petition: No, because in the State of Florida you cannot file to the Supreme Court of Florida without an opinion

(6) Sixth petition: No, because it was filed in The State of Florida's highest Supreme Court

(7) Seventh petition: No, same as Sixth petition, and filed in federal courts where federal courts of U.S.C.A. transferred to U.S.D.C. which dismissed without prejudice to file § 2254

(8) Eighth petition: No, because filed in appellate Court

(16)

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

Ground One: All responsible parties under the Judiciary Branch of the State Government, i.e. appointed counsel for defense, counsel for the State, and the trial court, failed to timely observe the procedures adequate to determine Petitioner's competency and protect his right to not be tried or convicted while incompetent to stand trial, depriving him of his due process right to a fair trial convicting and sentencing him while incompetent contrary to well established federal laws. (violation 5,6,14 - U.S. Const. amend)

(a) Supporting facts: See Appendix of facts Section A. Competency Ground(s) facts for an exhaustive list of court record cited facts on this Ground and see Appendix of Memorandums Section A. Memorandum of law and facts on Competency to Stand Trial Appendix VII. → See also pages 7-16 of concurrently filed habeus (ALSC)

(17)

(b) N/A

(c) Direct appeal of Ground One

    (1) No, did not raise on direct appeal

    (2) Appellate Counsel A. Victoria Wiggins refused to raise any other claims but what was raised on direct appeal because she stated the scope was narrow

(d) Post-Conviction Proceedings

    (1) Yes, this issue was raised in post conviction motion and habeas corpus, as well as fundamental error in postconviction motion appeal initial brief.

    (2) Raised in postconviction 3.850 under Ground - Issue Three in 4th Judicial Circuit Court of Nassau County Case 2013CF0958 and Issue One of Petition for Writ of Habeas Corpus in Florida Supreme Court SC20-1662 Case No. 2013CF0958 - 3.850 Summary denied 11/1/2017; Appealed and Affirmed 1D17-5129, Second Summary denied 8/5/2019; Second Appeal - Summary affirmed in 1D19-3578 - 5/19/2020; clarification denied 7/17/2020.

    (3) No, no hearing received

    (4) Yes, on 3.850, No, on habeas corpus as far as appealed

    (5) Yes, raised on appeal for 3.850 in 1D19-3578 Initial brief

    (6) Raised in First District Court of Appeal - 1D19-3578, 9/17/2020 - Per curiam affirmed, rehearing clarification denied 10/20/2020

    (7) No, not appealed for habeas petition because it was filed in the Supreme Court.

(e) other remedies: See above that habeas corpus raised this claim as well. See also Levin v. State, 268 So.3d 939 (Fla. 1st DCA 2019) (Ground three of 3.850 above affirmed, reversed on different ground.)

(18)

Ⓘ Ground Two: Counts One and Two violate the prohibition
against double jeopardy punishing the
petitioner multiple times for the same
identical conduct. (violation of U.S. Const amend 5, 14)

(a) Supporting facts: See Appendix of facts Section B. Double
Jeopardy Ground(s) Facts for an exhaustive
list of Court record cited facts on
this Ground and see Appendix of
Memorandums Section B. Memorandum
of Law and Facts on Double Jeopardy
Issues (Important See Appendix A. p. 146)
(b) Same as Ground One: N/A
(c) Direct Appeal of Ground Two
(1) No
(2) Same as Ground One

(d) Post conviction Proceedings
(1) Yes
(2) Raised in 3.800(a) motion to correct illegal sentence in Case
2013CF0958, Summary denied on 1/17/2017 in the 4th
Judicial Circuit of Nassau County, Florida
(3) No, hearing
(4) Yes, appealed
(5) Yes
(6) First District Court of Appeal, Tallahassee, FL, 1D17-0350
Per Curiam Affirmed on 5/3/2017, Leon v. State, 226
So. 3d 819 (Fla. 1st DCA 2017)
(7) N/A
(e) Other Remedies: This Ground raised in a multitude of motions
and petitions. See Case 1D19-3578 raised in 3.800 motion, case
1D20-0347 - habeas corpus, SC20-1327 and SC20-1662. all
denied, dismissed, procedurally barred and still pending. See also 1D20-3394

(19)

<u>Ground Three</u>: Counts Three and Four violate the
prohibition against double jeopardy
punishing the petitioner multiple times
for the same identical conduct. (violation of U.S. Const. amend
5, 14)

(II) All information under this Ground is identical to
Ground Two: See Ground Two for facts, Memorandum
and etc. (Important. See Appendix A. p. 146)


<u>Ground Four</u>: Counts Five and Six violate the prohibition
against double jeopardy punishing the
petitioner multiple times for the same
identical conduct. (Important. See Appendix A. p.146)
(violation of U.S. Const. amend 5, 14)

(II) All information under this Ground is identical
to Ground Two and Three: See Ground Two
for facts, Memorandum and etc. (Important See Apex. A. p. 146)


<u>Ground Five</u>: Upon correction to the illegalities in
Grounds Three and Four above the remaining
Counts also violate the prohibition against
double jeopardy because the petitioner
has been punished multiple times for
the same proscribed conduct of oral
sexual activity. (violation of U.S. Const. amend 5, 14)

(a) Supporting facts: <u>See</u> Same information in Ground Two.
(b) N/A
(c) Same as Ground Two
(d) Postconviction Proceedings
   (1) Yes
   (2) Raised in appellate court on 9.300 motion and habeus corpus,
      in First District Court of Appeal under cases 1D19-3578, 1D20-0347;

(20)

9,300 motion converted to habeus corpus on 1/29/2020, then habeas corpus dismissed on 5/19/2020, rehearing-clarification denied 7/9/2020

(3) No, did not receive hearing

(4) No, both motions and petition filed in appellate court

(5) N/A, because raised in appellate court

(6) See (2) above

(7) Because both motion and petition were filed in appellate court

(e) other remedies: Filed in Florida Supreme Court under cases 1D20-1327 and 1D20-1662, 1D20-1327 denied as procedurally barred, 1D20-1662 pending as of 12/18/2020

Ground Six: Counts Seven and Eight violate the prohibition against double jeopardy where petitioner has been punished multiple times for the same conduct because the underlying conduct in Count Seven is subsumed in that of Count Eight. (violation of U.S. Const. amend 5, 14)

(a) Supporting facts: See same information as listed in all other Double Jeopardy Grounds. See Ground Two under this section. (Important See Appx A. p. 146)

(b) N/A

(c) Direct Appeal of Ground Six:

(1) No

(2) Same answer as grounds One through Five. See Ground One

(d) Postconviction Proceedings:

(1) Yes, raised in a multitude of motions and petitions

(2) Listing first petition - 3.850 postconviction motion 3.850, in 4th Judicial Circuit Court, Nassau County, Florida case 2013CF0958, Summary denied on 11/1/2017,

(3) No, did not receive hearing

(4) Yes, appealed

(5) Yes

(6) Raised in First District Court of Appeal Tallahassee, FL 1D17-5122, Affirmed on this ground reversed on other ground, Levin v. State, 268 So.3d 239 (Fla. 1st DCA 2019)

(7). N/A

(e) Other Remedies: Like all other double jeopardy grounds this Ground was raised and denied, dismissed, procedurally barred without ever being addressed in additional filings under cases 1D19-3578, 1D20-0347, SC20-1327 and additionally filed in SC20-1662 and 1D20-3394

Ground Seven: Petitioner is Actually Innocent (See also Appendix VII. Concurrently filed habeas in FL Supreme Court pages 19-22)

(a) Supporting Facts: See Appendix of Facts Section C. Actual Innocence Ground(s) Facts

(b) Petitioner was never afforded due process to do so. The Postconviction court denied 3.850 postconviction motion without jurisdiction while first 3.850 was on appeal. Petitioner Sought timely review of second 3.850 denial but it was ignored by the appellate court under Case 1D19-3578, Petitioner also attempted to contact Florida Supreme Court and they claimed ignorance as well. 3.850 on Newly discovered evidence denied on Oct. 10, 2019 while first 3.850 was on appeal in 1D19-3578. Requested Certiorari review under case 1D19-3578 on 10/24/2019 Certiorari request ignored even after clarification request see docket of 1D19-3578 at 11/15/2019 and 12/13/2019. Request Fl Supreme Court assistance July and October of 2020, Supreme Court claimed ignorance. (See A. 19-25),
(22)                                    ( A. 133-37)

(c) Direct Appeal Of Ground Seven:
  (1) No, same as all other grounds in this petition
  (2) Same reason as all other grounds in this petition
(d) Post conviction Proceedings:
  (1) Yes
  (2) Raised under 3.850 Newly discovered evidence motion
      for postconviction relief, in the Fourth Judicial Circuit
      in Nassau County, Florida, under Case No.: 2013CF0958
      filed beginning in Jan-Feb 2018 through supplements and
      Amendments through Sept. 2019, illegally denied on
      Oct. 10, 2019 without jurisdiction while previous
      3.850 motion was on appeal in case 1D19-3578.

  (3) No, did not receive hearing
  (4) No, Not possible if the trial-postconviction court did not
      have jurisdiction to enter the order, requested certiorari
      review but was ignored by First District Court of
      Appeal under case 1D19-3578
  (5) No, was not possible without jurisdiction to do so.
  (6) N/A
  (7) for explanation of why not raised and what was
      attempted to try to raise read the above and see
      1D19-3578 docket between Oct. 2019 and Dec. 2019

(e) Other Remedies: Habeus Corpus to Fl. Supreme Court case
      SC20-1662

**14/** 13. Please answer these additional questions about the petition you are filing:

  (a) Yes, all Grounds have been raised in some form to the highest possible Court of the State of Florida

  (b) No, All grounds herein have been raised

**Y** 14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? No, other than the Emergency letters listed in this petition to the U.S.S.C., U.S.C.A. and this Court.

**≠** 15. Do you have any petition or appeal now pending in any court, either state or federal, for the judgment you are challenging? Yes, See SC20-1662 habeas corpus and 1D20-3394 habeas corpus in both the Florida Supreme Court and First District Court of Appeal on the same grounds as this petition concurrently. Same Grounds In FL (Florida Supreme Court)(Case No. SC20-1662) Similar Grounds in 1D20-3394 (counsel conceded she was ineffective appellate counsel due to appellant's request to raise double jeopardy and her refusal to raise by mistake because she believed she could not raise double jeopardy in his appeal (See Appendix A.146) and (1D20-3394) Both SC20-1662 and 1D20-3394 are types of habeas Corpus petitions. SC20-1662 (Constitutional habeas corpus) State habeas on ineffective assistance of Counsel in case 1D20-3394

(24)

O 16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging

(a) At preliminary hearing: N/A -

(b) At arraignment: David Andrew Taylor, III,
(Suspended from practising for multiple
Misconduct lengthy disciplinary history.)

(c) At plea: Not Guilty to Original Information:
David Andrew Taylor, III
Not Guilty and Open Guilty plea to
Amended Informations - First and Second:
Christofer Anne Clayton - Lic # 716340
Office of Public Defender
76347 Veterans Way
Yulee, FL 38097 - Retired

⊕(d) At sentencing: Christofer Anne Clayton
Same as above

(e) On appeal: A. Victoria Wiggins, Lic # 0081019
301 S. Monroe Street, Suite 401
Leon County Court house
Tallahassee, FL 32301; (850) 606-8500

(f) In any postconviction proceeding: Stephanie Nicole Jamieson,
Bar No.: 30299
No longer at Office of Regional
Conflict Counsel (904) 225-9737)

⊕ No trial - pled open to court (Mercy plea)
(25)

J 17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? <u>NO</u>

M 18. Timeliness of Petition: If your judgment of Conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) does not bar your petition.*

*See Attached Supplemental Appendix Titled: Appendix I. "D. 18. Timeliness of Petition"- Detailed Procedural History Exhaustive ∝ - ω

Therefore, petitioner asks that the Court grant the following relief:

(1) Issue Order upon grant of habeas petition to Correct all Illegalities, Injustices and fractures to the petitioner's Constitutional enjoyments and rights;

(2) Issue Orders upon grant of habeas petition to Condemn and prevent State courts of Florida from treating such individuals, as incompetent as Mr. Levin, in this egregious disregard to the Constitutional rights of both him and any other individual under the same suffrage

(3) Issue Orders upon grant of habeas petition or denial of any and all other relief to procure to the Federal and State legislatures a piece of law to protect such individuals as Mr. Levin, petitioner, from having to suffer the same blatant disregard to his exhaustive yet ignored proceedings; and/or

(4) any other relief to which petitioner may be entitled.

(26)

## Sacred Divine Oath

I Declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the hands of a New River Correctional Institution Officials for mailing by this prison System by U.S. mail on this 18 day of December, 2020.

On Behalf of:

Joseph Luis Levin
Petitioner, D.M. o.F.U.A.C. o.A.E.
Pro Se   DC# J01866
New River Correctional Institution
P.O. Box 900
Raiford, FL 32083

Mailed by Institutional Official To:
Attorney General, Ashley Brook Moody, The Capitol, PL-01, Tallahassee, FL 32399-1050, Supreme Court of Florida, 500 South Duval Street, Tallahassee, FL 32399, United States District Court Middle District Jacksonville, 300 N. Hogan Street, Suite 9-150, Jacksonville, FL 32802-4271, and United States Supreme Court Justice Amy Coney Barrett, 1 First Street N.E. Washington, DC 20543 on the aforementioned date pursuant to Petitioner-Defendant request.

(27)

Before You Begin... Point To Ponder

To Any Court that will actually take the initiative to literally sit back and read This entire Petition, record and law attached:

I have assisted Mr. Levin, as has Mr. Dennis T. Hutto, since This set of case's inception. Mr. Levin is in fact extremely intelligent just as all evaluators have recorded in their expert opinions and in our opinions. However, not only the experts, but we as well, attribute that either Mr. Levin is who he says he is, a Divine Messenger of The Ultimate Almighty Creator, as he has instructed us and requested us to write in all his motions, and also ex-National Security Agency-Contractor, that worked with Pete Andrews of the United States Secret Service - Jacksonville, FL Division to find this "phantom hacker" a.k.a Tony Nyggent and Devin Harold who set him up (Pete Andrews (904) 296-0133), or maybe he is in fact delusional severely, as intelligent as he is, and as the First Expert and Confidential Investigations revealed, before he was convicted and sentenced on 7/9/2015. And Maybe all the experts after sentencing confirming his delusional ideations, that led him to being adjudicated ITP, committed and treating him for mental illness, are indeed well founded. But, with all that this or any Court is about to read, whether reality or delusional, the evidence points to Mr. Levin's innocence, incompetence, and that it appears every Court thus far is refusing to address, and concealing the true nature and magnitude of the Travesties that have occurred against Mr. Levin. I pray that This, stops being ignored, and fully investigated, one day...

What is Really going on? On Behalf of My Beloved friend Mr. Joseph Luis Levin, L.J. and D.J.

Mr. Levin could not dischose facts pertinent
to his defense or defense counsel nor testify relevantly
because he was entrenched in a severe delusional
reality according to Dr. Louis Legum Ph.D. and DR.
William Scott. Mr. Levin wanted to raise his
National Security Defense and as early as March 11,
2014, 1 year prior to open plea to Court as seen
in the facts and record, Mr. levin had documented
discussions about a phantom hacker that was
after him to which he contacted the FBI and
he spoke to both Christen Anne Clayton and
Stephanie Nicole Jamieson about the work he did
with Special Agent Peter Andrews of the United
States Secret Service. 904-296-0133 (Clayton APD)
Jamieson Conflict Counsel, Also spoke to private Attorney
Michael S. Bossen about Peter Andrews. Attorney
Jamieson confirmed Peter Andrews existence but Peter
Andrews refused to confirm or deny Mr. Levin's
Existence. Chief Warrant Officer III- Dan Yates
Howison of the U.S. Army was also confirmed to
Exist and reside in Germany just as Mr. Levin
stated in Dec. of 2013. Mr. Levin the day before his
arrest completed a 3 year mission where Officer Howison
was part of unlocking a recovered Military Mobile
Personal Computer unit remotely over Facebook messenger..)
Confidential legal Investigation reveals others knew about
Mr. Levin's job at NSA and his award of silver
star in display case at home- See 4/1/2015 investigation
dated Confidential on 4/2/2015 - Public Defender's docket on 4/2/2015.
Docket# 2013-003348-0; 2013-348-0 - Public Defender Office-Case tracking System.
(A.4)(See also Expert evals about National Security defense at A.92-93)
D.T.H → If Mr. Levin "Joe", is delusional then so are several others
     who witnessed this... One hell of a cover up to put Joe away.
        All Government thus far has been silent to these facts. Why?